ordered, but offered to take them at a price of $6 per ton less than the contract price. At that time the defendant still made no contention that the goods were not shipped on February 28, 1925. This offer of price reduction was declined by the plaintiff, who then proceeded to sell the goods for the defendant's account, receiving a price of $12 per ton less than the contract price. Upon suit being brought by the plaintiff for the loss thus sustained, the defendant filed a plea setting up in part that shipment of the goods was not made according to the terms of the contract, and that the goods were unsatisfactory, and that the defendant had never ordered them shipped out. The jury returned a verdict in the plaintiff's favor, and the defendant filed a motion for a new trial, wherein it is contended that the court erred in charging the jury that shipment by the plaintiff on February 28, 1925, or about that date, would be a compliance with the terms of the contract. This motion for a new trial was overruled, and the defendant excepted.

*Judgment affirmed. Bell, J., concurs. Stephens, J., concurs specially.*

STEPHENS, J., concurring specially. I concur upon the ground that the plaintiff had not violated the contract as to time in the shipment of the goods.

---

17476.  RENDER & HAMMETT *v.* DUNSON & BROTHERS COMPANY.

JENKINS, P. J.  1. The claimant in a mortgage-foreclosure proceeding contends in the brief of his counsel that the description in the mortgage is so vague and indefinite as to render the instrument incapable of enforcement. Since, however, no copy of the instrument is embodied in the record, and since it appears in the brief of evidence that there was introduced in evidence a mortgage "covering all cotton grown on lands belonging to plaintiff . . during the year 1925 grown by P. H. Heard or his tenants," which mortgage, the brief of evidence recites, was duly recorded, the brief of evidence should be construed as referring to a mortgage containing a proper description.

2. It can not be said as a matter of law that the facts and circumstances sworn to did not authorize the finding that the cotton levied upon under the mortgage foreclosure constituted a portion of the mortgaged crop.  *Judgment affirmed. Stephens and Bell., JJ., concur.*

DECIDED NOVEMBER 15, 1926.

Appeal and Error, 4 C. J. p. 415, n. 78 New.

Levy and claim; from city court of LaGrange—Judge Tuggle. May 8, 1926.

*L. B. Wyatt,* for plaintiffs in error.

*M. U. Mooty, J. T. Thomasson,* contra.

---

17582.  GEORGIA RAILWAY AND POWER COMPANY *v.* McELROY *et al.*

Since the verdict must be set aside because of error in the charge of the court, the alleged excessiveness of the verdict for damages is not passed upon.

The charge of the court was erroneous in that part in which the jury were instructed that if they believed that the alleged negligence was the cause of the decedent's death, "and that the decedent could not, by the use of ordinary care, have avoided the consequence of that negligence after it was discovered, . . the plaintiff would be entitled to recover in this case, unless barred of recovery by some rule that" would thereafter be given in charge; since this instruction absolved the decedent from the duty of exercising ordinary care until after the actual discovery of the defendant's negligence, even though, under the evidence, it might possibly have been found that it could have been ascertained, and its consequences avoided, by the exercise of ordinary care. The error was not corrected by other instructions given.

DECIDED NOVEMBER 15, 1926.

Damages; from Fulton superior court—Judge Pomeroy. May 24, 1926.

*Colquitt & Conyers,* for plaintiff in error.

*Reuben R. & Lowry Arnold, B. P. Gambrell,* contra.

JENKINS, P. J.  McElroy, for himself, and as next friend for four minor children, brought action for the homicide of the wife and mother, who was killed by the operation of a street-car at a street-crossing in the City of Atlanta, and he recovered the sum of $22,500.  Exception is taken to the overruling of the defendant's motion for a new trial, based on the ground that the verdict is excessive in amount, and upon alleged errors in the charge of the court.

1.  Under the allegations of the petition and the testimony

---

Appeal and Error, 4 C. J. p. 650, n. 37; p. 1050, n. 85.

Negligence, 29 Cyc. p. 515, n. 1; p. 652, n. 11; p. 654, n. 25 New.

Street Railroads, 36 Cyc. p. 1611, n. 63, 64; p. 1622, n. 26.

Trial, 38 Cyc. p. 1598, n. 26 New; p. 1691, n. 51; p. 1692, n. 52; p. 1784, n. 87.